**FILED**

**U.S. District Court**
**District of Kansas**

02/04/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ROBERT TRAVIS JENKINS,

      **Plaintiff,**

      v.                                                            CASE NO.  26-3013-JWL

RUSSEL WAYNE HASENBANK,
et al.,

      **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff filed this pro se action on January 21, 2026.  Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas.  The Court issued a Notice of Deficiency (Doc. 2) because Plaintiff's Complaint was not on the Court-approved form and Plaintiff failed to either pay the filing fee or submit a motion for leave to proceed in forma pauperis.  The Court granted Plaintiff until February 20, 2026, to cure the deficiencies.  This matter is before the Court on Plaintiff's motion (Doc. 3) seeking an "Order of Praecipe."  Based on Plaintiff's motion, it is unclear whether Plaintiff intended to file a civil rights complaint, a petition for writ of habeas corpus, or a K.S.A. § 60-1501 action.

Plaintiff initiated this case by filing a document entitled "K.S.A. 60-1501 Civil Rights Complaints."  (Doc. 1, at 1.)  In the Complaint, Plaintiff refers to himself as "the Petitioner" and indicates that he is wrongly convicted and "seek[ing] relief from this wrongful conviction by immediate release."  *Id.*   He also states that he is seeking $300,000,000 in damages, and other punitive damages for pain and suffering.  *Id.*   Plaintiff states that his claims relate to Seward County Case No. 2015-CR-000528.  *Id.*  He alleges that court proceedings in Seward County were fraudulent and fake.  *Id.* at 4.

1

Plaintiff then makes claims regarding his conditions of confinement, alleging that he was transferred to the Lansing Correctional Facility as part of a conspiracy to alter his transcripts. *Id*. at 2. Plaintiff believes that the Kansas Department of Corrections is secretly pursuing funds through the prosecutor and seeking to murder Plaintiff when the opportunity presents itself. *Id*. He also believes he was denied security in an altercation that he broke up on November 29, 2024. *Id*. Plaintiff claims that this "ended in the death of his sister" in Georgia by inmates that retaliated against Plaintiff. *Id*. Plaintiff alleges that he was placed in segregation, labeled a snitch, and his food was contaminated. *Id*. Plaintiff alleges that this was all done in an attempt to civilly commit him. *Id*. Plaintiff also makes claims regarding a bug that he alleges was implanted in his ear and the loss of some of his property. *Id*. at 3–4.

Plaintiff has filed a motion titled "Order of Praecipe K.S.A. 60-1501." (Doc. 3.) He refers to himself as the "Petitioner" and asks the Court to "issue the writ in the above and foregoing matter." *Id*. at 1. Plaintiff then states that "[t]he KSA 60-1501 is the writ of habeas corpus, and a 1983 civil rights complaint was not issued under the filing, which a court cannot do lawfully, which means that KDOC is unlawfully capturing and doctoring documents of Jenkins in 21-CV-85; 25-CV-03119-JWL; 25-CV-0376-JWL, and now this matter." *Id*. Plaintiff makes claims about the murder of his family members and claims that fumes are being introduced into his cell, causing his fingernails to grow in a rippling effect. *Id*. Plaintiff asks the Court to "issue the writ." *Id*.

Plaintiff attaches to his motion a printout of the docket in this case. *Id*. at 2. For the cause of action on the docket, he has crossed out "42: 1983 Prisoner Civil Rights" and handwritten "K.S.A. 60-1501 (Requested Reno Court Clerk: Kansas Court of Appeal to issue writ of Praecipe, denied." *Id*. Plaintiff then claims that the language the state uses to charge people paraphrases the statute. *Id*. at 3. Plaintiff then attaches the first page of the Court-approved form this Court

sent to Plaintiff with the Court's Notice of Deficiency. *Id*. at 4. Plaintiff alleges that it is an "illegal document doctored by KDOC." *Id*.

The Court denies Plaintiff's motion, but will grant him the opportunity to clarify his claims. It is unclear whether Plaintiff is seeking to pursue a civil rights case under 42 U.S.C. § 1983, a petition for writ of habeas corpus under 28 U.S.C. § 2254, or a K.S.A. § 60-1501 action. Therefore, the Court is ordering Plaintiff to clarify what action he is pursuing.

The appropriate avenue for a person in custody pursuant to the judgment of a state court to assert in federal court that he "is in custody in violation of the Constitution or laws or treaties of the United States" is 28 U.S.C. § 2254. To the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v.*

*Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982);  Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.

Plaintiff should notify the Court if he intended to file a petition for writ of habeas corpus under § 2254.  Under Local Rule 9.1(a), a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be filed on an official form. See D. Kan. Rule 9.1(a).   However, the "AEDPA places strict limitations on second or successive claims."  *See Davis v. Roberts*, 425 F.3d 830, 834-35 (10th Cir. 2005) (citing 28 U.S.C. § 2244(b), 2255).  Plaintiff previously filed a § 2254 petition in this Court challenging his 2016 Seward County conviction.  *See Jenkins v. Schnurr*, Case No. 25-3076-JWL (D. Kan.).   On January 14, 2026, the Court dismissed the matter with prejudice as untimely.  *Id*. at Doc. 39.

If Plaintiff is seeking to challenge his conditions of confinement, he should submit his complaint on the Court-approved form that the Court sent to him.  He must also either pay the $405 filing fee or submit a motion for leave to proceed in forma pauperis.

To the extent Plaintiff includes claims that have been previously dismissed by this Court, those claims would be subject to dismissal as frivolous.  Plaintiff made similar claims in Case No. 25-3119 regarding the alleged bug implanted in his ear and the contamination of his food.  *See Jenkins v. Aramark Food Servs.*, Case No. 25-3119-JWL (D. Kan.)  In that case the Court found that Plaintiff's claims about a bug being implanted in his ear in 2011 are frivolous and untimely, and his claims regarding his food failed to allege a constitutional violation.  *Id*. at Doc. 9.  That case was dismissed for failure to state a claim.  *Id*.   "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir. 2015) (quoting *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted)); *see also Davis v. Bacon*,

234 F. App'x 872, 874 (10th Cir. 2007) (dismissing as frivolous a complaint that "substantially mirrors" a prior complaint that was dismissed).

If Plaintiff is seeking to file a K.S.A. § 60-1501 action, that is  a state action that must be filed in state court.  Plaintiff should notify the Court if he intended to file this action in state court.

Plaintiff should either submit his complaint on the Court-approved form if he is seeking to file a § 1983 action, or notify the Court that he is seeking to submit a petition for writ of habeas corpus under § 2254.  Plaintiff should submit his complaint on the Court-approved form and his filing fee or motion for leave to proceed in forma pauperis by the February 20, 2026 deadline set forth in the Court's Notice of Deficiency.  If Plaintiff did not intend to pursue a § 1983 action, he should so notify the Court by this same deadline.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion (Doc. 3) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff shall have until **February 20, 2026,** to either: 1) submit his § 1983 Complaint on the Court-approved form and submit the $405 filing fee or a motion for leave to proceed in forma pauperis; or 2) notify the Court that he intended to file a petition for habeas corpus under 28 U.S.C. § 2254 or a state court petition under K.S.A. § 60-1501.

**IT IS SO ORDERED**.

**Dated February 4, 2026, in Kansas City, Kansas.**

> **S/  John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**